UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND
 & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)
*Counsel for Ki Hyung Kim & Hye Sook Ha,*
*Debtors and Debtors-in-Possession*

Order Filed on November 14,
2019 by Clerk U.S. Bankruptcy
Court District of New Jersey

In re:

KI HYUNG KIM & HYE SOOK HA,

    Debtors.

Chapter 11

Case No. 19-24863 (JKS)

Confirmation Hearing and Time:
November 12, 2019 at 2:00 p.m.

## ORDER CONFIRMING CHAPTER 11 PLAN OF THE CHAPTER 11 DEBTORS AND DEBTORS-IN-POSSESSION

    The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**.

**DATED: November 14, 2019**

_____

Honorable John K. Sherwood
United States Bankruptcy Court

(Page 2)

Debtor:                    Ki Hyung Kim & Hye Sook Ha

Case Number:               19-24863 (JKS)

Caption of Order:          Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession

---

Ki Hyung Kim and Hye Sook Ha, Chapter 11 debtors and debtors-in-possession (collectively, the "Debtors" or the "Plan Proponents"), by and through their attorneys, McManimon, Scotland & Baumann, LLC, having filed with the Court a First Amended Plan of Reorganization (the "Plan") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") [ECF 65]; and a hearing having been held before this Court on notice to all creditors and other parties-in-interest in this case to consider the adequacy of the First Amended Disclosure Statement (the "Disclosure Statement") describing the Plan; and the Disclosure Statement having been approved by Order of this Court entered on October 2, 2019 (the "Disclosure Statement Approval Order") [ECF 67]; and due notice of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") having been given in accordance with the Disclosure Statement Approval Order [ECF 68]; and the solicitation of acceptances or rejections of the Plan having been made in the manner required by this Court and by law; and a Confirmation Hearing having been held before the Court on November 12, 2019; and upon the entire record of this case, the argument of counsel for the Debtors, and the evidence proffered at the Confirmation Hearing, including the Certification of Ki Hyung Kim in support of confirmation of the Plan [ECF 96]; and the Certification of Robert S. Roglieri, Esq., on the amended tabulation of the ballots cast in favor of and against the Plan (the "Certification of Ballots") [ECF 104]; and the Court having considered the objections raised by the parties, if any; and, unless otherwise stated, all capitalized terms used herein having the meaning set forth in the Plan; and after due deliberation and good and sufficient cause appearing therefor;

(Page 3)

Debtor:                      Ki Hyung Kim & Hye Sook Ha

Case Number:                 19-24863 (JKS)

Caption of Order:            Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession

---

**IT IS HEREBY FOUND, THAT**:

A.    The Plan attached hereto as **<u>Exhibit A</u>**, complies with the applicable provisions of the Bankruptcy Code and hereby is approved in its entirety.

B.    The Plan has been proposed in good faith and not by any means forbidden by law.

C.    The Debtors have disclosed to the Court any payments made or promised for services or for costs and expenses in connection with this case or the Plan, and such payments have been approved by, or are subject to the approval of, the Court as reasonable.

D.    The Reorganized Debtors will continue to manage and operate the revested property of the Estate**.**

E.    No government regulatory commission has jurisdiction over any rates charged by the Debtor.

F.    All Allowed Administrative claims and Non-Tax Priority claims will be paid in full on the Effective Date of the Plan, or as otherwise agreed to by the parties.  With regard to the aforementioned which will be paid after the Effective Date, it is with the consent of all affected parties.

G.    Each class of Claims is impaired under the Plan.  As reflected in the filed Certification of Ballots, Classes 2, 3, and 4, which are impaired classes of claims, have voted to accept the Plan, determined without including any Ballots cast by an insider.  Classes 1 is an unimpaired class and is deemed to have accepted the Plan.

H.    The Plan is feasible.  The Debtors will be able and has demonstrated his ability to meet his financial obligations under the Plan.  Confirmation and consummation of the Plan will

(Page 4)

| | |
|---|---|
| Debtor: | Ki Hyung Kim & Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession |

not be followed by the need for further financial reorganization of the Debtors or the Reorganized Debtors.

I.        All quarterly fees due under 28 U.S.C. § 1930 have been paid or will be paid in full on the Effective Date of the Plan.

J.        The Debtors have no retiree benefits as that term is defined in section 1114 of the Bankruptcy Code.

K.        Bankruptcy Code sections 1129(a)(14) and 1129(a)(15) are not applicable to this case.

L.        To the extent applicable, all transfers of property under the Plan will be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

M.        The Plan meets all of the applicable requirements of sections 1129(a) and (b) of the Bankruptcy Code.

N.        The classification of claims and interests under the Plan is consistent with section 1122 of the Bankruptcy Code.

O.        The Plan specifies the classes of claims and interests impaired under the Plan and specifies the treatment of claims or interests in such classes.

P.        The Plan provides the same treatment for each claim or interest of a particular class.

Q.        The Plan provides adequate means for its execution and implementation.

(Page 5)

| | |
|---|---|
| Debtor: | Ki Hyung Kim & Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession |

R.      The procedures by way which the Ballots were distributed and tabulated were fair, properly conducted, and complied with the prior Orders of this Court.

S.      The service of notice of the Confirmation Hearing and the solicitation of acceptances and rejections of the Plan were appropriate and satisfactory, and were in compliance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

Based upon the above findings of fact; and good and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Plan filed by the Debtors [ECF 65] and annexed hereto as **Exhibit A**, be and hereby is confirmed in accordance with, among other sections, the applicable provisions of sections 1129(a) and 1129(b), *provided, however*, to the extent there is any other direct conflict between the terms of the Plan and the Terms of this Confirmation Order, the terms of this Confirmation Order shall control.  The terms of the Plan are an integral part of this Confirmation Order and hereby are incorporated herein by reference and "So Ordered" in their entirety.

2.      The Plan satisfies section 1125 of the Bankruptcy Code without the need for re-solicitation.

3.      The treatment of Claims and Interests as provided in the Plan is approved.

4.      To the extent that any objection to confirmation of the Plan has not been withdrawn prior to entry of this Confirmation Order, all such objections are overruled.

5.      Objections to confirmation of the Plan, including those that were raised informally, that have been withdrawn shall be, and they hereby are, deemed withdrawn with prejudice.

(Page 6)

Debtor:                          Ki Hyung Kim & Hye Sook Ha

Case Number:                     19-24863 (JKS)

Caption of Order:                Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession

---

6.      Immediately upon the entry of the Confirmation Order, the Plan and this Confirmation Order shall be binding upon and inure to the benefit of the Debtors, any heirs, executors, administrators, successors and assigns thereof, and all holders of Claims or interests, and their respective successors and assigns, whether or not they voted to accept the Plan.

7.      Pursuant to 11 U.S.C. § 1146(a), the sale of the Alpine Residence (as that term is defined in the Plan) is in furtherance of a plan of reorganization in this Chapter 11 case and, as a result, the sale and/or transfer of the Alpine Residence is exempt from any state or local realty transfer tax or similar tax.

8.      The Bankruptcy Court shall retain jurisdiction in order to approve a sale of the Alpine Residence pursuant to section 363 of the Bankruptcy Code.

9.      The Plan is hereby modified to incorporate the *Stipulation and Consent Order Concerning Debtors' Amended Plan of Reorganization and Sale of Alpine Residence* between the Debtors and NewBank attached hereto as **Exhibit B** and incorporated herein by reference.

10.     The Plan is hereby modified to incorporate the *Stipulation and Consent Order Reaffirming Debt and Payment Terms* among the Debtors, S. Katzman Produce, Inc., Lily Produce Inc. and Ryeco, LLC attached hereto as **Exhibit C** and incorporated herein by reference.

11.     To the extent the Confirmation Order conflicts with the Disclosure Statement, the Plan, or any other agreement entered into between the Debtors and any party or other orders of the Bankruptcy Court, this Confirmation Order shall control.

12.     Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish or impair the

(Page 7)

| | |
|---|---|
| Debtor: | Ki Hyung Kim & Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Order Confirming Chapter 11 Plan of the Chapter 11 Debtor and Debtor-in-Possession |

effectiveness of such sections or provisions, it being the intent of the Bankruptcy Court that the Plan be confirmed and such provisions and related agreements be approved in their entirety.

13.    All payments contemplated under the Plan and/or this Confirmation Order may be prepaid at any time, without penalty or interest.

14.    This Order shall not be subject to a stay pursuant to Bankruptcy Rule 3020(e).

15.    The Court shall retain exclusive jurisdiction over this reorganization case, including exclusive jurisdiction over all controversies, disputes, and suits which may arise in connection with the interpretation or enforcement of the Plan and this Confirmation Order or in connection with the enforcement of remedies under the Plan and this Confirmation Order.

# EXHIBIT A

**McMANIMON, SCOTLAND
 & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)
*Counsel for Ki Hyung Kim & Hye Sook Ha,*
*Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| KI HYUNG KIM & HYE SOOK HA, | Case No. 19-24863 (JKS) |
| Debtors. | |

## FIRST AMENDED PLAN OF REORGANIZATION

The Debtors/Plan Proponents respectfully submit this First Amended Plan of Reorganization pursuant to chapter 11 of title 11 of the United States Code, in the form annexed hereto and made a part hereof.

**McMANIMON, SCOTLAND
 & BAUMANN, LLC**
*Counsel for Ki Hyung Kim & Hye Sook Ha, Debtors and Debtors-in-Possession*

By: ___/s/ Richard D. Trenk_____
      RICHARD D. TRENK

Dated:  September 26, 2019

By: ___/s/ Ki Hyung Kim_____
      KI HYUNG KIM

Dated:  September 26, 2019

By: ___/s/ Hye Sook Ha_____
      HYE SOOK HA

Dated:  September 26, 2019

# **TABLE OF CONTENTS**

                                                                                          **Page**

I.      INTRODUCTION ...................................................................................................1

II.     CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS .........................1

        A.      General Overview ........................................................................... 1
        B.      Definitions............................................................................................. 2
        C.      Unclassified Claims ........................................................................... 8
                1.      Administrative Expenses and Fees ........................................... 8
                2.      Priority Tax Claim ................................................................. 10
        D.      Classified Claims .............................................................................. 10
                1.      Classes of Secured Claims...................................................... 10
                2.      Priority Non-Tax Claims
                        **Error! Bookmark not defined.**
                3.      General Trading ..................................................................... 11
                4.      Class of General Unsecured Claims ......................................... 12
        E.      Acceptance or Rejection of Plan .......................................................... 12
        F.      Means of Effectuating the Plan............................................................ 13
                1.      Funding for the Plan ............................................................... 13
                2.      Disbursing Agent ................................................................... 13

III.    TREATMENT OF MISCELLANEOUS ITEMS .................................................13

        A.      Executory Contracts and Unexpired Leases ........................................ 13
                1.      Rejections.............................................................................. 13
        B.      Changes in Rates Subject to Regulatory Commission Approval.......................... 14
        C.      Retention of Jurisdiction ................................................................... 14
        D.      Procedures for Resolving Contested Claims.......................................... 17
        E.      Notices under the Plan ...................................................................... 17

IV.     EFFECT OF CONFIRMATION OF PLAN............................................................17

        A.      Discharge ........................................................................................ 17
        B.      Settlement of Claims and Controversies; General Injunction............................... 17
        C.      Revesting of Property in the Debtors.................................................... 18
        D.      Modification of Plan ......................................................................... 18
        E.      Post-Confirmation Conversion/Dismissal ............................................ 19
        F.      Post-Confirmation Quarterly Fees ...................................................... 19

4841-1529-4120, v. 1

# I.
# INTRODUCTION

Ki Hyung Kim ("<u>Mr. Kim</u>") and Hye Sook Ha ("<u>Mrs. Ha</u>," and, collectively with Mr. Kim, the "<u>Debtors</u>") are the Debtors and Debtors-in-Possession in the instant chapter 11 bankruptcy case.  On July 31, 2019, the Debtors commenced their bankruptcy case by filing a voluntary chapter 11 petition under the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>"), 11 U.S.C. § 101, <u>et seq.</u>  Chapter 11 of the Bankruptcy Code allows the Debtors to propose a plan of reorganization.  This document is the chapter 11 plan (the "<u>Plan</u>") proposed by the Debtors (the "<u>Proponents</u>").  Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>"), and which is provided to help you understand the Plan.

This is a reorganization plan.  In other words, the Proponents seek to accomplish payments under the Plan by satisfying Administrative Expense Claims, with the exception of Administrative Tax Claims, in full on the Effective Date.  Allowed Unsecured Claims shall receive the *pro rata* share of $100,000 over ten (10) years.  The Effective Date of the proposed Plan is thirty (30) days after the date on which the Confirmation Order becomes final.

# II.
# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

## A.  General Overview

As required by the Bankruptcy Code, the Plan classifies claims in various classes according to their right to priority of payments as provided in the Bankruptcy Code.  The Plan states whether each class of claims is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

1

### B. Definitions

**Scope of Definitions**.  For purposes of this Plan, except as expressly otherwise provided or unless the context otherwise requires, all capitalized terms not otherwise defined shall have the meanings assigned to them in this Section of the Plan.  In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

1.      **Administrative Expense** shall mean any cost or expense of administration of the chapter 11 case allowable under section 507(a) of the Bankruptcy Code, including, without limitation, any actual and necessary expenses of preserving the estate of the Debtors, any actual and necessary expense of operating the business of the Debtors, any indebtedness or obligation incurred or assumed by the Debtors in connection with the conduct of his business or for the acquisition or lease of property or the rendition of services to the Debtors, all allowances of compensation and reimbursement of expenses, any fees or charges assessed against the estate of the Debtors under chapter 123, title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponents in connection with the proposal and confirmation of this Plan.

2.      **Allowed** when used as an adjective preceding the words "Claim" or "Claims" shall mean any Claim against the Debtors, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim against such the Debtors, or, if no proof of claim is filed, which has been or hereafter is listed by the Debtors as liquidated in amount and not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal

2

Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim from and after the Petition Date.

3.      **Allowed Administrative Expense** shall mean any Administrative Expense allowed under section 507(a)(1) of the Bankruptcy Code.

4.      **Allowed Unsecured Claim** shall mean an Unsecured Claim that is or has become an Allowed Claim.

5.      **Alpine Residence** shall mean the property located at 41 Brenner Place, Alpine, New Jersey.

6.      **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in title 11 of the United States Code.

7.      **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of New Jersey having jurisdiction over the chapter 11 case and, to the extent of any reference made pursuant to 28 U.S.C. Section 158, the unit of such District Court constituted pursuant to 28 U.S.C. Section 151.

8.      **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. § 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

9.      **Business Day** means and refers to any day except Saturday, Sunday, and any other day on which commercial banks in New Jersey are authorized by law to close.

4841-1529-4120, v. 1

10.      **Chapter 11 Case** shall mean the case under chapter 11 of the Bankruptcy Code in which Ki Hyung Kim and Hye Sook Ha are the Debtors.

11.      **Claim** shall mean any right to payment from the Debtors whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtors whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  All claims as such term is defined in Section 101(5) of the Bankruptcy Code.

12.      **Class** shall mean a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

13.      **Code** shall mean title 11 of the United States Code, otherwise known as the Bankruptcy Code.

14.      **Confirmation** shall mean the entry of an Order by this Court approving the Plan in accordance with the provisions of the Bankruptcy Code.

15.      **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

16.      **Confirmation Order** shall mean an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

17.      **Creditor** shall mean any person that has a Claim against the Debtors that arose on or before the Petition Date or a Claim against the Debtors' estate of any kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code.  This includes all persons, corporations, partnerships, or business entities holding claims against the Debtors.

4841-1529-4120, v. 1

18.     **Debt** means, refers to and shall have the same meaning ascribed to it in section 101(12) of the Bankruptcy Code.

19.     **Debtors** shall mean Ki Hyung Kim and Hye Sook Ha, collectively.

20.     **Deoksung Loan** shall mean the loan entered into between Deoksung Fruit & Vegetable Corp. and NewBank on October 17, 2017 in the principal amount of $1,550,000.

21.     **Disbursing Agent** shall mean the Reorganized Debtors or any party appointed by and subject to Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

22.     **Disclosure Statement** means and refers to the Disclosure Statement filed by the Debtors as required pursuant to section 1125, et seq. of the Bankruptcy Code.

23.     **Effective Date** shall mean thirty (30) days after the day on which the Confirmation Order becomes a Final Order.

24.     **Final Order** shall mean an order of the Bankruptcy Court of a court of competent jurisdiction to hear appeals from the Bankruptcy Court which, not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

25.     **General Trading** shall mean General Trading Co., Inc.

26.     **Hansol** shall mean Hansol CPAs LLP, the Debtors' proposed accountants.

5

27.    **Impaired** when used as an adjective preceding the words "Class of Claims" shall mean that the Plan alters the legal, equitable, or contractual rights of the member(s) of that class.

28.    **Kumkang Loan** shall mean the loan entered into between Kumkang Fruit & Vegetable Corp. and NewBank on March 1, 2016 in the principal amount of $2,900,000.

29.    **MSB** shall mean McManimon, Scotland & Baumann LLC, the Debtors' proposed counsel.

30.    **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

31.    **Petition Date** shall mean July 31, 2019, the date on which Debtors filed their petition for relief commencing the Chapter 11 Case.

32.    **Plan** shall mean the Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

33.    **Priority Non-Tax Claim** shall mean a Claim entitled to priority under sections 507(a)(2), (3), (4), (5), (6), or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

34.    **Priority Tax Creditor** shall mean a Creditor holding a priority tax claim.

35.    **Priority Tax Claim** shall mean any Claim entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

36.    **Proceedings** shall mean Debtors' Chapter 11 Case.

6

37.    **Professional Persons** means and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Court entered under sections 327, 328, 330, or 503(b) of the Bankruptcy Code.

38.    **Professional Claim** means and refers to a claim by any and all professionals as provided for in sections 327, 328, 330, and 503(b) of the Bankruptcy Code.

39.    **Proponents** means the Debtors.

40.    **Reorganized Debtors** means the Debtors after confirmation of the Plan.

41.    **Secured Claim** means and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtors have an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtors' interest in such property, determined in accordance with section 506(a) of the Bankruptcy Code.

42.    **SGDR** shall mean Starr, Gern, Davison and Rubin, P.C., the Debtors' proposed special counsel.

43.    **Unsecured Claim** shall mean any claim against the Debtors which arose or which is deemed by the Bankruptcy Code to have arisen prior to the Petition Date for such Debtors, and which is not (i) a secured claim pursuant to section 506 of the Bankruptcy Code, as modified by section 1111(b) of the Bankruptcy Code, or (ii) a Claim entitled to priority under sections 503 or 507 of the Bankruptcy Code.  "Unsecured Claim" shall include all Claims against the Debtors that are not expressly otherwise dealt with in the Plan.

44.    **Youngchuk Loan** shall mean the loan entered into between Youngchuk Fruit & Vegetable Corp. and NewBank on April 27, 2018 in the principal amount of $1,550,000.

45.    **Other Definitions**, a term used and not defined herein but that is defined in the Bankruptcy Code, shall have the meaning set forth therein.  The words "herein", "hereof," "hereto," "hereunder," and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan.  Moreover, some terms defined herein are defined in the section in which they are used.

## C. Unclassified Claims

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, the Proponents have not placed the following claims in a class.  The treatment of these claims is provided below.

### 1. Administrative Expenses and Fees

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 Case which are allowed under Bankruptcy Code section 503(b).  Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 Case.  The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to different treatment.

At the time of filing the Plan, the Internal Revenue Service and New Jersey Division of Taxation (collectively, the "Taxing Authorities") have not filed proofs of claim in the Debtors' Chapter 11 Case.  To the extent the Taxing Authorities assert a claim, the Debtors reserve the right to review and object to same.  Any Administrative Tax Claims will be satisfied over five (5) years from the Filing Date, with interest at the rate of three (3%) percent.

4841-1529-4120, v. 1

The following chart lists all of the Debtors' unpaid administrative fees and expenses ("Compensation"), an estimate of future professional fees and other administrative claims and fees and their treatment the Plan:

| NAME | AMOUNT ESTIMATED | TREATMENT | TYPE OF CLAIM |
|---|---|---|---|
| MSB | **$75,000** | Payment in full on Effective Date, or through other agreement | Administrative |
| Hansol | **$10,000** | Payment in full on Effective Date, or through other agreement | Administrative |
| SGDR | **$10,000** | Payment in full on Effective Date, or through other agreement | Administrative |
| Office of U.S. Trustee Fees | **TBD** | Payment in full on Effective Date | Administrative |
| **APPROXIMATE TOTAL** | **$95,000** **(estimated)** | | |

All entities seeking an award by the Bankruptcy Court of Fee Claims (i) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is 30 days after the Effective Date and (ii) shall be paid in full in such amounts as are Allowed by the Bankruptcy Court (a) on the date upon which the Order relating to any such Allowed Fee Claim is entered, or (b) upon such other terms as may be mutually agreed upon between the holder of such an Allowed Fee Claim and the Debtors. The Debtors are authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Confirmation Date in the ordinary course and without the need for Bankruptcy Court approval.

### 2. Priority Tax Claim

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Bankruptcy Code requires that each holder of such a section 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five (5) years from the date of the assessment of such tax.

At the time of filing the Plan, the Taxing Authorities have not filed proofs of claim in the Debtors' Chapter 11 Case. To the extent the Taxing Authorities assert a claim, the Debtors reserve the right to review and object to same. In the event there is a determination that there are any priority taxes owed to the Taxing Authorities, or other taxing authority, said claims will be satisfied in accordance with the requirements of section 507(a)(8), with interest at the rate of three (3%) percent.

### D. Classified Claims

#### 1. Classes of Secured Claims

Secured claims are claims secured by liens on property of the estate. These claims are to be treated as follows:

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|-------|-------------|----------------|----------------|-------------|-----------|
| 1 | New Millennium Bank | N | N | $2,056,310.38 | The Alpine Residence is appraised at $3,300,00. The Debtors may sell the Alpine Residence or it may be the subject of a stipulation lifting the automatic stay. The sale proceeds will be used to satisfy New Millennium's Allowed Secured Claim. There shall be no prepayment penalty. |

4841-1529-4120, v. 1

| CLASS | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | AMOUNT OWED | TREATMENT |
|---|---|---|---|---|---|
| 2 | NewBank (Kumkang Loan, Deoksung Loan, and Youngchuk Loan) | N | Y | $5,459,922.96 | The Debtors shall satisfy the Claim as follows: The Alpine Residence sale proceeds, after satisfying Class 1, shall be paid to New Bank in satisfaction of its Allowed Secured Claim.  Any deficiency claim will be treated as a Class 4 claim. There shall be no prepayment penalty. |

### 2.   General Trading -Unsecured

General Trading holds claims against the Debtors as a result of their guarantees of various business debt.  General Trading will be treated as follows:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 3 | General Trading<br><br>Debtors asset that this claim is unsecured. | N | Y | The Debtors shall treat this claim in accordance with Class 4. |

### 3.   Priority Non-Tax Claims

Certain priority non-tax claims that are referred to in Bankruptcy Code sections 507(a)(3), (4), (5), (6), and (7) are entitled to priority treatment.  These claims are to be treated as follows:

At the time of filing the Plan, the Taxing Authorities have not filed proofs of claim in the Debtors' Chapter 11 Case.  To the extent the Taxing Authorities assert a claim, the Debtors reserve the right to review and object to same.  In the event there is a determination that there are

4841-1529-4120, v. 1

any priority taxes owed to the Taxing Authorities, or other taxing authority, said claims will be

satisfied in accordance with the requirements of section 507(a)(8), with interest at the rate of

three (3%) percent.

### 4.    Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy

Code section 507(a).  These claims are to be treated as follows:

| CLASS # | DESCRIPTION | INSIDER (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 4 | General unsecured claims<br>• Total amount of claims = (this amount is still being determined in light of the fact that certain claims are subject to liquidation, objection and reclassification).<br><br>The scheduled amount including guarantee, contingent and disputed claims exceed $10 million.  As of 9/6/19, the total filed unsecured claims equals $4,282,731.14.<br><br>The range of potential dividends is 2.3% to 1%. | N | Y | Allowed Class 7 Claims shall be paid a *pro rata* portion of a $100,000 distribution, as follows:<br><br>• Payment Interval = Ten (10) payments over ten (10) years. Payments may be made annually.<br>• Begin Date = Within thirty (30) days of all Allowed Unsecured Creditors being fixed but not before the Effective Date and continuing on the anniversary of the Initial Payment<br>• End Date = 10 years after the Initial Payment<br>• There shall be no prepayment penalty<br><br>Total Payment = $100,000 |

### E.  Acceptance or Rejection of Plan

Each impaired class of Creditors with claims against the Debtors' estate shall be entitled

to vote separately to accept or reject the Plan.  A class of Creditors shall have accepted the Plan

4841-1529-4120, v. 1

if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the allowed Claims of such class that have accepted or rejected the Plan.  In the event that any impaired class of Creditors shall fail to accept the Plan in accordance with section 1129(a) of the Bankruptcy Code, the Proponents reserve the right to request that the Bankruptcy Court confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code.

### F.  Means of Effectuating the Plan

#### 1.  Funding for the Plan

The Plan will be funded by the Debtors' continued periodic income in accordance with 11 U.S.C. § 1129(a)(15) and, in the Debtors' discretion, the net proceeds from the sale of any real property owned by Debtors.  There shall be no prepayment penalty for any priority, administrative or Class of Claims referenced above.

#### 2.  Disbursing Agent

The Reorganized Debtors shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Disbursing Agent shall serve without bond and shall receive no remuneration for distribution services rendered and expenses incurred pursuant to the Plan.

### III.
### TREATMENT OF MISCELLANEOUS ITEMS

### A.  Executory Contracts and Unexpired Leases

#### 1.  Rejections

On the Effective Date, all Executory Contracts and unexpired leases not assumed before the Confirmation Date will be deemed rejected. The Confirmation Order shall constitute an order approving such rejection as of the Effective Date.

All proofs of claim with respect to claims arising from said rejection must be filed with the Bankruptcy Court within the earlier of (i) the date set forth for filing claims in any order of the Bankruptcy Court approving such rejection or (ii) thirty (30) days after the Confirmation Date.  Any such claims, proofs of which are not filed timely, will be barred forever from assertion.

**B.  Changes in Rates Subject to Regulatory Commission Approval**

The Debtors are not subject to governmental regulatory commission approval of their rates.

**C.  Retention of Jurisdiction**

The Court shall retain jurisdiction of this case pursuant to the provisions of chapter 11 of the Bankruptcy Code, pending the final allowances or disallowances of all Claims effected by the Plan, and with respect to the following matters:

(a)     To enable the Debtors to consummate the Plan and to resolve any disputes arising therefrom;

(b)     To adjudicate all controversies concerning the classification, estimation or allowance of any Claim herein;

(c)     To make such Orders as are necessary or appropriate to implement the provisions of this Plan;

(d)     To determine the classification, estimation and priority of all claims against Debtors and to re-examine any Claims which may have been allowed;

(e)     To determine applications for the rejection or assumption of executory contracts or unexpired leases pursuant to the provisions of this Plan which are not determined prior to the Confirmation date and to determine allowance of Claims for damages with respect to rejection of any such executory contracts or unexpired leases within such time as the Court may direct;

(f)     To oversee and issue further appropriate orders respecting disbursement of amounts deposited as may be required by this Plan;

14

(g)     To conduct hearings on valuation, as necessary, and to determine whether any party in interest is entitled to recover against any Person any Claim, whether arising under Section 506(c) of the Bankruptcy Code, or arising out of a voidable preference, a fraudulent transfer, or otherwise;

(h)     To hear and determine all applications for compensation and other Administrative Expenses;

(i)     To hear and determine any and all pending adversary proceedings or contested matters;

(j)     To determine all causes of action which may exist in favor of Debtors;

(k)     To determine any modification of the Plan after confirmation pursuant to Section 1127 of the Bankruptcy Code;

(l)     To enter any order, including injunctions, necessary to establish and enforce the rights and powers of Debtors under the Plan;

(m)    To enter a final decree pursuant to Rule 3022 of the Bankruptcy Rules.

(n)     To hear and determine all controversies, suits and disputes, if any, as may arise in connection with the interpretation or enforcement of the Plan;

(o)     To hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of Bankruptcy Court in the Chapter 11 Case entered on or before the Confirmation Date;

(p)     To hear and determine any and all controversies and disputes arising under, or in connection with, the Plan;

(q)     To hear and determine any and all objections to payments under the Plan;

(r)     To liquidate damages in connection with any disputed, contingent or unliquidated Claims;

(s)     To adjudicate all Claims to a security or ownership interest in any property of Debtors or in any proceeds thereof;

15

(t)     To adjudicate all causes of action to recover all assets and properties of Debtors wherever located;

(u)     To enter any order, including injunctions necessary to enforce the title, rights and powers of Debtors, and to impose such limitations, restrictions, terms and conditions on such title rights and powers as the Bankruptcy Court may deem necessary or appropriate; and

(v)     To make such orders as are necessary or appropriate to carry out the provisions of the Plan, including but not limited to orders interpreting, or enforcing the provisions thereof.

In addition, this Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under section 1142, sub-paragraphs (a) and (b) of the Bankruptcy Code.  If the Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if the Debtors or Reorganized Debtors elect to bring an action or proceeding in any other forum, then this section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

16

### D.  Procedures for Resolving Contested Claims

Objections to Claims, except for those Claims more specifically deemed Allowed in the Plan, may be filed by the Reorganized Debtors or any party in interest up to and including ninety (90) days following entry of the Confirmation Order.  With respect to disputed Claims, the Disbursing Agent will hold in a separate interest-bearing reserve account such funds as would be necessary in order to make the required distribution on the Claim, as listed either in the Debtors' schedules or the filed proof(s) of claim.

### E.  Notices under the Plan

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by registered mail or certified mail, postage prepaid, return receipt requested, and if sent to the Proponents, addressed to Richard D. Trenk, Esq. and Robert S. Roglieri, Esq., McManimon, Scotland & Baumann, LLC, 75 Livingston Avenue, Second Floor, Roseland, New Jersey 07068.

## IV.
## EFFECT OF CONFIRMATION OF PLAN

### A.  Discharge

Confirmation of this Plan does not discharge any debt provided for in this Plan until the Bankruptcy Court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### B.  Settlement of Claims and Controversies; General Injunction

Except as otherwise provided in the Plan, the Confirmation Order will provide that all persons and entities who have held, hold, or may hold Claims against Debtors are permanently

enjoined, on and after the Confirmation Date, from (A) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or taking any act to recover such Claim outside of the claims allowance procedure discussed in the Plan and the Bankruptcy Code and Bankruptcy Rules, (B) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or Order against Debtors on account of any such Claim, (C) creating, perfecting or enforcing any encumbrance of any kind against Debtors or against the property or interests in property of Debtors on account of any such Claim and (D) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from Debtors or against the property or interests in property of Debtors on account of any such Claim.

### C.  Revesting of Property in the Debtors

Except as provided in the Plan, the confirmation of the Plan revests all of the property of the estate in Debtors.

### D.  Modification of Plan

The Debtors may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan if Debtors modify the plan before confirmation.

The Debtors may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.  Debtors further reserve the right to modify the treatment of any Allowed Claims at any time after the Effective Date of the Plan upon the consent of the Creditor whose Allowed Claim treatment is being modified, so long as no other Creditors are materially adversely affected.

18

### E.  Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Section 1112(b), after the Plan is confirmed, if there is a default in performance of the Plan or if cause exists under Section 1112(b).  If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

### F.  Post-Confirmation Quarterly Fees

Quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) continue to be payable to the Office of the United States Trustee post-confirmation until such time as the case is converted, dismissed, or closed pursuant to a final decree.

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Counsel for Ki Hyung Kim & Hye Sook Ha,
Debtors and Debtors-in-Possession*

By:____*/s/ Richard D. Trenk*_____
        RICHARD D. TRENK

Dated:  September 26, 2019

By:____*/s/ Ki Hyung Kim*_____
        KI HYUNG KIM

Dated:  September 26, 2019

By:____*/s/ Hye Sook Ha*_____
        HYE SOOK HA

Dated:  September 26, 2019

4841-1529-4120, v. 1

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND
   & BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)
*Counsel for Ki Hyung Kim & Hye Sook Ha,
Debtors and Debtors-in-Possession*

In re:                                                   Chapter 11

KI HYUNG KIM & HYE SOOK HA,              Case No. 19-24863 (JKS)

                     Debtors.

**STIPULATION AND CONSENT ORDER
CONCERNING DEBTORS' AMENDED PLAN OF
<u>REORGANIZATION AND SALE OF ALPINE RESIDENCE</u>**

         The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**.

(Page 2)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Concerning Sale of Alpine Residence |

**WHEREAS**, on July 31, 2019 (the "Petition Date"), Debtors Ki Hyung Kim and Hye Sook Ha (collectively, the "Debtors") filed chapter 11 proceedings pursuant to 11 U.S.C. § 101, *et seq.*; and

**WHEREAS**, the Debtors are and remain debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108; and

**WHEREAS**, pursuant to the Debtors' Schedules and Statement of Financial Affairs, the Debtors own a residence located at 41 Brenner Place, Alpine, New Jersey, Block 59, Lot 5 (the "Residence"); and

**WHEREAS**, as of the Petition Date, New Millennium Bank held a first mortgage and security interest in the Residence; and

**WHEREAS,** as of the Petition Date, NewBank held junior mortgages and security interests in the Residence; and

**WHEREAS,** on October 18, 2019, New Millennium Bank filed a Consent Stipulation asserting that New Millennium Bank's secured indebtedness was $2,068,232.75 as of September 12, 2019; and

**WHEREAS**, the Debtors filed their Amended Plan of Reorganization dated September 26, 2019 (the "Amended Plan") which provides *inter alia*, that the "Debtors may sell the Alpine Residence or it may be the subject of a stipulation lifting the automatic stay"; and

**WHEREAS,** NewBank seeks the estate's marketing and sale of the Residence and the Debtors are now prepared to commit to same; and

4817-6289-7836, v. 1

(Page 3)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Concerning Sale of Alpine Residence |

**WHEREAS,** on October 30, 2019, the Debtors submitted an application and order pursuant to 11 U.S.C. § 327 seeking authorization to retain Realty 7, LLC as real estate broker to market and sell the Residence at a commission rate of four (4%) percent of gross proceeds; and

**WHEREAS,** as an accommodation to the Debtors, based upon the fair market sale of the Residence, NewBank has agreed to the within Stipulation;

### NOW, BE IT HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:

1.      New Millennium Bank asserts a secured indebtedness of $2,068,232.75 as the first mortgagee of the Residence.

2.      NewBank asserts a total secured indebtedness of $3,274,244.20 based upon its junior mortgages against the Residence.

3.      **Listing of Residence.**  NewBank consents to the retention of Realty 7, LLC as an exclusive real estate broker ("Broker") for a term of six (6) months at a commission rate of four (4%) percent of gross proceeds.  To the extent that there is a selling broker, the commission will be split two (2%) percent to Realty 7, LLC and two (2%) percent to the selling broker.  No brokerage commission shall be earned until the closing of any prospective sale.

4.      **Initial Listing Price.**  The Debtors shall list the Residence with the Broker at $4.5 million ("Initial Listing Price").

5.      **Modifications to Initial Listing Price.**  The Debtors agree not to reduce the listing price for a period of at least thirty (30) days and then by no more than $250,000 per month unless consented to by NewBank ("Modified Listing Price").  NewBank may seek to have the Debtors

(Page 4)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Concerning Sale of Alpine Residence |

reduce the Initial Listing Price or any Modified Listing Price at an accelerated pace, pursuant to a written notice directed to Debtors' counsel. If the Parties cannot agree on a Modified Listing Price or any other issues, either Party may seek an expedited determination from the Bankruptcy Court in the event of a dispute hereunder.

6.    **Offers/363 Sale.** All offers received by the Debtors shall be immediately shared with NewBank. If the Residence is not under contract by May 15, 2020 (the "Marketing Period"), the Debtors shall process an auction pursuant to 11 U.S.C. § 363(b), (f) and (k), with such auction sale to take place no later than June 15, 2020. The auction shall be absolute and result in a sale, provided (i) the gross sales price shall be acceptable to NewBank; (ii) New Millennium's secured claim is paid in full; (iii) all real estate taxes and liens are satisfied at closing; and (iv) the Carve-out set forth in Paragraph 7 herein is paid at the closing to Debtors' counsel's attorney trust account. In addition, NewBank shall be permitted to credit bid their allowed secured debt. In any event, the Minimum Carve-out (defined below) shall be paid to the estate upon transfer of the Residence.

7.    **Carve-out.** Upon the closing of any sale, the estate shall receive a carve-out of $150,000 from the gross proceeds up to $3,000,000 (the "Minimum Carve-out"); $175,000 shall be paid to the estate from the gross proceeds between $3,000,001 and $3,500,000; and $200,000 shall be paid to the estate from the gross proceeds if the gross sale proceeds exceed $3,500,001 ("Carve-out"). The Carve-out shall not be used to pay the broker's commission, which shall be paid from the gross sale proceeds at closing.

4817-6289-7836, v. 1

(Page 5)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Concerning Sale of Alpine Residence |

8.    **Realty Transfer Fee.** Pursuant to 11 U.S.C. § 1146(a), the sale of the Residence is in furtherance of a plan of reorganization in this Chapter 11 case and, as a result, the sale and/or transfer of the Residence is exempt from any state or local realty transfer tax or similar tax.

9.    **Support of Plan.**  NewBank agrees to withdraw its ballot rejecting the Amended Plan, subject to approval of the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a).  NewBank agrees to vote for and consent to the Debtors' Amended Plan as modified by the terms herein. These terms shall be incorporated in the order of plan confirmation.

10.    **Stay Relief.**  The stay relief order entered on October 18, 2019 shall continue in full force and effect.

11.    **Plan Confirmation.**  The terms and conditions set forth in this Order shall remain in full force and effect after entry of the confirmation order.  In the event the Bankruptcy Court does not approve this Stipulation, the Court will fix an adjourned date for the confirmation hearing and a scheduling regarding the filing of additional papers.

12.    **Jurisdiction.**  The Bankruptcy Court shall retain jurisdiction over the implementation of this Stipulation and Consent Order for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation and Order or to effectuate or enforce compliance with its terms.  The Court shall retain jurisdiction in order to approve a sale of the Alpine Residence pursuant to section 363 of the Bankruptcy Code.

[*Remainder of page intentionally left blank.*]

4817-6289-7836, v. 1

(Page 6)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Concerning Sale of Alpine Residence |

**Stipulated and consented to on the terms provided herein**:

**MEYER, SUOZZI, ENGLISH
& KLEIN, P.C.**
*Attorneys for NewBank*

By: */s/ Michael Antongiovanni*
Michael Antongiovanni, Esq.
Edward J. LoBello, Esq. (admitted *pro hac
vice*)

Dated:  November 8, 2019

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Attorneys for Ki Hyung Kim & Hye Sook
Ha, Debtors and Debtors-in-Possession*

By: */s/ Richard D. Trenk*
Richard D. Trenk, Esq.

Dated:  November 8, 2019

*/s/ Ki Hyung Kim*
Ki Hyung Kim, Debtor
Dated:  November 8, 2019

*/s/ Hye Sook Ha*
Hye Sook Ha, Debtor
Dated:  November 8, 2019

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**McMANIMON, SCOTLAND**
  **& BAUMANN, LLC**
75 Livingston Avenue, Suite 201
Roseland, NJ 07068
(973) 622-1800
Richard D. Trenk (rtrenk@msbnj.com)
Robert S. Roglieri (rroglieri@msbnj.com)
*Counsel for Ki Hyung Kim & Hye Sook Ha,*
*Debtors and Debtors-in-Possession*

---

In re:                                    Chapter 11

KI HYUNG KIM & HYE SOOK HA,               Case No. 19-24863 (JKS)

                    Debtors.

**STIPULATION AND CONSENT ORDER**
**REAFFIRMING DEBT AND PAYMENT TERMS**

The relief set forth on the following pages, numbered two (2) through nine (9), is hereby

**ORDERED**.

(Page 2)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

**WHEREAS**, on July 31, 2019 (the "Petition Date"), Debtors Ki Hyung Kim and Hye Sook

Ha (collectively, the "Debtors") filed chapter 11 proceedings pursuant to 11 U.S.C. § 101, *et seq.*;

and

**WHEREAS**, the Debtors are and remain debtors-in-possession pursuant to 11 U.S.C. §§

1107 and 1108; and

**WHEREAS**, on August 20, 2019, the Debtors filed their Disclosure Statement pursuant to

11 U.S.C. § 1125 and Chapter 11 Plan [ECF 24 & 25]; and

**WHEREAS**, on September 26, 2019, the Debtors filed their First Amended Disclosure

Statement pursuant to 11 U.S.C. § 1125 and First Amended Chapter 11 Plan [ECF 64 & 65]; and

**WHEREAS,** on October 2, 2019, the Bankruptcy Court approved the Debtors' First

Amended Disclosure Statement; and

**WHEREAS,** confirmation of the Debtors' Chapter 11 Plan is scheduled for November 12,

2019; and

**WHEREAS,** S. Katzman Produce, Inc. ("Katzman"), Lily Produce Inc. ("Lily") and

Ryeco, LLC ("Ryeco") assert they are licensees under the Perishable Agricultural Commodities

Act, 7 U.S.C. § 499a, *et seq*. ("PACA") who, prior to the Petition Date, supplied BHSM Group

LLC ("BHSM"), Bongrae Fruit & Vegetable Corp. t/a Food Universe ("Bongrae"), Deoksung Fruit

& Vegetable Corp. t/a Freshway Marketplace ("Deoksung"), Kumkang Fruit & Vegetable Corp. t/a

Freshway Marketplace ("Kumkang") and Taebaek Fruit & Vegetable Corp. t/a Freshway

Marketplace ("Taebaek") (BHSM, Bongrae, Deoksung, Kumkang and Taebaek collectively, the

"Markets"), with perishable agricultural commodities that were accepted by the Markets; and

(Page 3)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

**WHEREAS,** Katzman and Lily filed an action before the United States District Court for the Southern District of New York, Case No. 19-cv-7910 (LGS), seeking to enforce their statutory trust rights under PACA's trust provisions based on the Markets' failure to pay for the produce delivered by Katzman and Lily; and

**WHEREAS,** on August 23, 2019, a temporary restraining order was entered in the United States District Court for the Southern District of New York enjoining and restraining the Markets from further dissipating any PACA trust assets in their possession; and

**WHEREAS,** the Markets are wholly-owned and operated by Debtors, although only Taebaek continues operations; and

**WHEREAS,** on August 26, 2019, pursuant to an agreement (the "Agreement") between the Markets, on the one hand, and Katzman and Lily, on the other hand, which provides in relevant part that: (1) Katzman is a qualified trust creditor and beneficiary under the provisions of PACA, of the Markets, jointly and severally, for a debt in the principal amount of $54,943.47, plus accrued interest at the rate of 18% *per annum* through August 26, 2019 in the amount of $5,418.65 and reasonable attorneys' fees and legal expenses incurred by Katzman in the amount of $5,253.53 for a total debt under PACA in the amount of $65,615.64 (the "Katzman Debt"); (2) Lily is a qualified trust creditor and beneficiary under the provisions of PACA of the Markets, jointly and severally, for a debt in the principal amount of $82,858.00, plus accrued interest at the rate of 18% *per annum* through August 26, 2019 in the amount of $4,606.69 and reasonable attorneys' fees and legal expenses incurred by Lily in the amount of $5,905.22 for a total debt under PACA in the amount of $93,757.91 (the "Lily Debt"); (3) for full and final satisfaction of Katzman's claims against the

(Page 4)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

Markets, they are to pay Katzman the sum of $60,197.00 (the "Katzman Settlement Amount") in installments; (4) for full and final satisfaction of Lily's claims against the Markets, they are to pay Lily the sum of $88,763.22 (the "Lily Settlement Amount")  in installments; (5) in the event the Markets default in making the installment payments contemplated by the Agreement, Katzman and Lily are entitled to the entry of judgment against the Markets, jointly and severally, for the full unpaid portion of the Katzman Debt and the Lily Debt, respectively, plus all accrued interest and attorneys' fees; and (6) the restraining order is dissolved, the District Court litigation was settled; and

WHEREAS, the Agreement was so-ordered by the Hon. Lorna G. Schofield, United States District Judge for the Southern District of New York on August 27, 2019; and

WHEREAS, the Markets have been meeting their obligations under the Agreement as follows: (i) the Markets have made payments totaling $13,000.00 towards the Katzman Settlement Amount; and (ii) the Markets have made payments totaling $9,000.00 towards the Lily Settlement Amount; and

WHEREAS, following court approval of the Agreement, Ryeco has asserted, and Debtors and the Markets have acknowledged, that Ryeco is a *bona fide* PACA trust creditor of the Markets in the amount of $4,936.00, plus accrued interest at the rate of 18% *per annum* from December 3, 2018, plus accrued attorneys' fees (the "Ryeco Debt").  The Markets have made payment totaling $250.00 towards the Ryeco Debt; and

(Page 5)

| Debtors: | Ki Hyung Kim and Hye Sook Ha |
|---|---|
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

**WHEREAS,** Katzman, Lily and Ryeco assert that Debtors have joint and several liability for the PACA debts incurred by the Markets and their obligations are non-dischargeable pursuant to 11 U.S.C. § 523(a)(4); and

**WHEREAS,** the Debtors are relying upon Taebaek's continued operations and need perishable goods in order to operate; and

**WHEREAS,** the Debtors are willing to reaffirm the debts to Katzman, Lily and Ryeco on the terms and conditions herein.

**NOW, BE IT HEREBY STIPULATED, AGREED AND ORDERED AS FOLLOWS:**

1.    <u>Reaffirmation</u>.    Pursuant to 11 U.S.C. § 524, the Debtors hereby reaffirm the Katzman Debt, Lily Debt and Ryeco Debt, together with all related obligations set forth herein, to Katzman, Lily and Ryeco, respectively, under the terms and conditions provided herein.

2.    <u>Katzman</u>.    Subject to the terms of the Agreement and the default provision set forth herein at Paragraph 5 (the "<u>Default Provision</u>"), the Katzman Debt be and is hereby fixed in the amount of $47,197.00, which shall be subject to repayment terms of $1,000.00 per week beginning on October 31, 2019.    Katzman shall have an allowed unsecured claim against Debtors in this proceeding in the amount of $47,197 under the trust provisions of PACA.    Except as expressly set forth herein, Katzman shall not seek to further amend or assert any additional proofs of claim in this matter.

3.    <u>Lily</u>.    Subject to the terms of the Agreement and the Default Provision, the Lily Debt be and is hereby fixed in the amount of $79,763.22, which shall be subject to repayment terms of $1,000.00 per week beginning on October 31, 2019.    Lily shall have an allowed unsecured

(Page 6)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

claim against Debtors in this proceeding in the amount of $79,763.22 under the trust provisions of PACA.  Except as expressly set forth herein, Lily shall not seek to further amend or assert any additional proofs of claim in this matter.

4.     Ryeco.  Subject to the terms of this Agreement and the Default Provision, the Ryeco Debt be and is hereby fixed in the amount of $4,686.00, which shall be subject to repayment terms of $250.00 per week beginning on October 31, 2019.  Ryeco shall have an allowed unsecured claim against Debtors in this proceeding in the amount of $4,686.00 under the trust provisions of PACA.  Except as expressly set forth herein, Ryeco shall not seek to further amend or assert any additional proofs of claim in this matter.

5.     Default.  In the event the Markets and/or Debtors default in the obligations or payment terms set forth herein, on five (5) days written notice to the Debtors, Katzman, Lily and/or Ryeco shall be entitled to the immediate entry of a consent judgment in a form mutually agreeable to the parties (the "Consent Judgments") in the full amount of the Katzman Debt, Lily Debt, and/or Ryeco Debt, respectively, less any payments actually received.  Interest shall accrue at the applicable judgment rate and attorneys' fees shall accrue in connection with the collection of the Consent Judgments.  Debtors hereby expressly waive any rights or defenses, including but not limited to waiver, laches, or other defenses based on the passage of time, which they would be able to assert in opposition to the efforts of Katzman, Lily and/or Ryeco to have the Consent Judgments entered against them, and further agree to timely execute any documents reasonably requested by Katzman, Lily and/or Ryeco, and cooperate in good faith with them, in connection with their efforts to have the Consent Judgments entered.  Upon entry, Katzman, Lily and/or Ryeco shall be

(Page 7)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

entitled to seek all post-judgment remedies available at law or in equity against the Markets and/or

Debtors.  Pending any default, the Consent Judgments shall be held in escrow by Katzman, Lily

and Ryeco's lead counsel, McCarron & Diess.  Upon final payment to Katzman, Lily and Ryeco,

counsel shall, within five (5) days, destroy the Consent Judgments and provide proof of destruction

to Debtors' counsel.

6.  <u>Binding</u>.  This stipulation shall be binding upon the Debtors, Reorganized Debtors,

and their respective successors and assigns, including, without limitation, any subsequent Chapter

11 or Chapter 7 trustee.

7.  <u>Disclosures</u>.  The Debtors hereby waive the disclosures required under sections

524(c)(2) and 524(k) of the Bankruptcy Code.

8.  <u>Attorney Disclosures</u>.  In accordance with 11 U.S.C. § 524(c)(3), by signing this

Stipulation and Order, counsel for the Debtors certifies under penalty of perjury, pursuant to 11

U.S.C. § 1746, the following statements are true and correct: (i) this Stipulation and Order

represents a fully informed and voluntary agreement by the Debtors; (ii)  this Stipulation and Order

does not impose an undue hardship on the Debtors or a dependent of the Debtors; and (iii)the

Debtors have been fully advised of the legal effect and consequences of entering into this

Stipulation and Order and the consequences of any default under this Stipulation and Order.

9.  <u>Not Prejudicial to Debtors' Dependents</u>.  The parties hereby stipulate that the entry

of this stipulation is not prejudicial to the Debtors' or their dependents and it is necessary in order

for the Debtors and Reorganized Debtors to continue to operate Taebaek which is a critical source

of monies to fund the chapter 11 plan and meet their post-petition obligations in the normal course.

(Page 8)

Debtors:              Ki Hyung Kim and Hye Sook Ha

Case Number:          19-24863 (JKS)

Caption of Order:     Stipulation and Consent Order Reaffirming Debt and Payment Terms

10.    Support of Chapter 11 Plan.  Katzman, Lily and Ryeco hereby agree to support the Debtors' plan of reorganization and vote in favor as Class 4 Creditors.  They waive any separate distribution under the plan and agree to the distribution set forth herein.  Ballots executed by Katzman, Lily and Ryeco shall be held in escrow by Debtors' counsel and released upon entry of this Stipulation.

11.    Extension.  In light of the statutory 60-day period for the Debtors to serve a notice of rescission as set forth in section 524(c)(4) of the Bankruptcy Code, the deadline to object to discharge pursuant to section 523 of the Bankruptcy Code (the "Discharge Exception Deadline") be and hereby is extended for Katzman, Lily and Ryeco to seventy (70) days after entry of this Stipulation and Order.  This extension of time granted is without prejudice and shall not serve as bar to entry of the Consent Judgments as set forth herein.  In the event the Court, for any reason or no reason at all, disallows or prevents this Stipulation and Consent Order from taking effect, the Discharge Exception Deadline shall be automatically extended without further act or deed of any party until ten (10) business days after entry of such an order.

12.    Jurisdiction.  The Bankruptcy Court shall retain jurisdiction over the subject matter of this Stipulation and Consent Order and the parties hereto for the duration of the performance of the terms and provisions of this Stipulation and Order for the purpose of enabling any of the parties to apply at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or interpretation of this Stipulation and Order or to effectuate or enforce compliance with its terms.

(Page 9)

| | |
|---|---|
| Debtors: | Ki Hyung Kim and Hye Sook Ha |
| Case Number: | 19-24863 (JKS) |
| Caption of Order: | Stipulation and Consent Order Reaffirming Debt and Payment Terms |

**Stipulated and consented to on the terms provided herein:**

**ARSENEAULT & FASSETT, LLP**
*Co-Counsel for S. Katzman Produce, Inc.,
Lily Produce Inc. and Ryeco, LLC*

By: _____
David W. Fassett, Esq.
John J. Roberts, Esq.

Dated: October 3̶6̶, 2019

**McCARRON & DIESS**
*Co-Counsel for S. Katzman Produce, Inc.,
Lily Produce Inc. and Ryeco, LLC*

By: _____
Gregory Brown, Esq.

Dated: October 30 2019

**McMANIMON, SCOTLAND
& BAUMANN, LLC**
*Attorneys for Ki Hyung Kim & Hye Sook Ha,
Debtors and Debtors-in-Possession*

By: _____
Richard D. Trenk, Esq.

Dated: October 31, 2019

_____
Ki Hyung Kim, Debtor
Dated: October 31, 2019

_____
Hye Sook Ha, Debtor
Dated: October 31, 2019

4845-8692-0619, v. 1