

Cullen and Dykman LLP
Continental Plaza
433 Hackensack Avenue
Hackensack, NJ 07601
T: 201.488.1300
F: 201.488.6541

DAVID EDELBERG
PARTNER
dedelberg@cullenllp.com

March 23, 2020

**By ECF**
Honorable John K. Sherwood
United States Bankruptcy Court
District of New Jersey
50 Walnut Street, 3rd Floor
Courtroom 3D
Newark, NJ 07102

      **Re:**    **In Re:  Ki Hyung Kim & Hye Sook Ha**
              **Case No.: 19-24863 (JKS)**
              **New Millennium Bank's Limited Objection to Debtor's Motion for an Order Approving Sale of Debtor's Real Property Free and Clear of Any Liens, Claims, And Encumbrances Pursuant to 11 U.S.C. § 363(b),(f) and (m); and Granting Related Relief**
              **Hearing Date: March 31, 2020 @ 10:00 a.m.**

Dear Judge Sherwood:

      As your Honor may recall, this firm represents New Millennium Bank (the "Bank") regarding the Bank's first mortgage and security interest in Ki Hyung Kim's and Hy Sook Ha's (the "Debtors") property located at 41 Brenner Place, Alpine, New Jersey (the "Property").

      On or about March 28, 2017, The Bank extended a loan to the Debtors in the principal amount of $2,125,000 pursuant to a mortgage agreement secured by the Debtors' Property (the "Mortgage"). The Bank's Mortgage is a first position mortgage on the Debtors' Property and to date the Bank is owed $2,153,541.75 (the "Allowed Secured Claim") as of April 1, 2020. A copy of the calculations evidencing the Bank's Allowed Secured Claim is annexed hereto as Exhibit A.

      On September 19, 2020, the Bank filed a proof of claim in the Debtors' case establishing a secured claim in the amount of $2,068,232.75 pursuant to the Mortgage as of September 12, 2019 (the "Proof of Claim").

Honorable John K. Sherwood<br>
March 23, 2020<br>
Page 2

On October 18, 2018, this Court entered the *Consent Order Establishing the Validity of New Millennium Bank's First Mortgage Upon the Alpine Home and Granting Relief from the Automatic Stay for Purposes of Proceeding with A Foreclosure Action* (the "Consent Order"). As described more fully in the Consent Order, this Court and the parties acknowledged the validity and enforceability of the Bank's Mortgage and the Bank's Allowed Secured Claim with respect to the Debtors' Property. The Consent Order is binding on the Debtors and the Bank.[1] A copy of the Consent Order is annexed hereto as Exhibit B. Additional interest and attorneys' fees have since accrued since the filing of the Bank's Proof of Claim and are included in the Allowed Secured Claim. The Consent Order expressly allows the Bank to seek the balance due upon the Bank's mortgage "plus accruing interest, late fees, counsel fees and costs without prejudice to any defenses, counterclaims or setoffs." *See* Dkt. No 78, pg. 2.

In addition to the Consent Order, the Debtors have acknowledged the validity of the Bank's Allowed Secured Claim in the *Debtors' First Amended Disclosure Statement*, Dkt. No. 64,[2] the *Debtors' First Amended Plan,* Dkt. No. 65,[3] and the *Order Confirming Chapter 11 Plan of the Chapter 11 Debtors and Debtors-In-Possession,* Dkt. No. 113, whereby the Debtors expressly indicated that sale proceeds of the Property "will be used to satisfy New Millennium's Allowed Secured Claim."

The Debtors have filed a *Motion for an Order Approving the Sale of the Property*, returnable before the Court on March 31, 2020 (the "Sale Motion"). To date there have been no objections filed to the Sale Motion by any party in this matter, and the Clerk of this Court has entered a Certificate of No Objection on March 18, 2020. *See* Dkt. No 146. The Bank respectfully submits this limited objection to the Sale Motion. Specifically, the Bank consents to the entry of an Order approving a sale of the Debtors' Property subject to incorporation of the following provisions in the form of Order approving the Sale Motion:

1. The Order approving the sale must acknowledge the validity of the Bank's Mortgage on the Property in the amount of the Allowed Secured Claim which includes attorneys' fees and expenses.

---

1. *In re Galluzzo*, 06-15392-SLM, 2018 WL 4191476, at *16 (Bankr. D.N.J. Aug. 14, 2018) ("Consent decrees, voluntarily entered into, are binding on the parties"); *Wells Fargo Bank N.A. v Bennett*, A-0136-17T3, 2019 WL 149690, at *2 (N.J. Super. Ct. App. Div. Jan. 9, 2019 ("A judgment or order entered with the consent of parties is ordinarily not appealable for the purpose of challenging its substantive provisions") *U.S. v. Northern Colorado Water Conservancy Dist.*, 608 F.2d 422, 430–431 (10th Cir. 1979)("A consent decree or order is to be construed for enforcement purposes basically as a contract") Additional interest and attorneys' fees have since accrued since the filing of the Proof of Claim that are reflected in the Allowed Secured Claim and authorized to be included based on the Consent Order, defined below, which authorizes the Bank to seek the balance due upon the Bank's mortgage "plus accruing interest, late fees, counsel fees and costs without prejudice to any defenses, counterclaims or setoffs." *See* Dkt. No 78, pg. 2.
2. "The sale proceeds will be used to satisfy New Millennium's Allowed Secured Claim" *See* Dkt. No. 64, pg. 15.
3. "The sale proceeds will be used to satisfy New Millennium's Allowed Secured Claim" *See* Dkt. No. 65, pg. 12.

Honorable John K. Sherwood<br>
March 23, 2020<br>
Page 3

2. The form of Order must acknowledge the balance due upon the Bank's Mortgage and the Allowed Secured Claim as of the date of this limited objection in the amount of $2,143,008.27, which includes counsel fees.

3. The Order approving the sale must provide for full payment of the Bank's Mortgage, together with an appropriate allocation for future attorneys' fees for services related to the Sale Motion and finalization of the proposed order as related to the Sale Motion the amounts of which have been included in the Allowed Secured Claim.

Subject to the foregoing provisions, and the proposed buyer's procurement of financing, the Bank supports the sale of the Property. This submission is without prejudice to all of the Bank's rights, including all rights set forth in the Consent Order.

Respectfully submitted,

**CULLEN AND DYKMAN LLP**

*/s/ David Edelberg*

David Edelberg

DE/em
Encls.
cc: Justin Kim, SVP and CCO (by email:Jkim@nmbonline.com)
    Robert S.Roglieri, Esq. (by email:rroglieri@msbnj.com)
    Edward J. LoBello, Esq. (by email: elobello@msek.com)

# EXHIBIT A

| | |
|---|---:|
| **Principal as of April 1, 2020** | **$2,050,567.94** |
| **Unpaid Interest through April 1, 2020** | |
| **$10,759.47 (monthly late fee) x 7 months** | **$75,316.27** |
| **Unpaid Late Charges** | **$4,498.24** |
| | |
| **Legal Fees & Expenses as of April 1, 2020** | |
| Foreclosure Legal Fees | **$7,500.00** |
| Foreclosure Expenses | |
| • Expenses associated with service of subpoena via Guarenteed Subpoena | **$1,080.00** |
| • Court fees | **$445.00** |
| • Other costs including messenger and recording fee | **$316.00** |
| Chapter 11 Legal Fees | **$13,375.00** |
| Chapter 11 Expenses | |
| • Court fees | **$405.00** |
| • Travel | **$38.30** |
| | |
| **Total Claim** | **$2,153,541.75** |

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in compliance with D.N.J. LBR 9004-2(c)

CULLEN AND DYKMAN LLP
433 Hackensack Avenue
Hackensack, NJ 07601
(201) 488-1300 (Tel)
(201) 488-6541 (Fax)
David Edelberg, Esq. (DE-6258)
Counsel for New Millennium Bank

Order Filed on October 18, 2019
by Clerk U.S. Bankruptcy Court
District of New Jersey

In Re:

KI HYUNG KIM a/k/a KEVIN KIM and HYE SOOK HA a/k/a JANE KIM,

Debtors.

Chapter 11

Case No.: 19-24863 (JKS)

### CONSENT ORDER ESTABLISHING THE VALIDITY OF NEW MILLENNIUM BANK'S FIRST MORTGAGE UPON THE ALPINE HOME AND GRANTING RELIEF FROM THE AUTOMATIC STAY FOR PURPOSES OF PROCEEDING WITH A FORECLOSURE ACTION

The relief set forth on the following pages, numbered two (2) through three (3) is hereby ORDERED.

**DATED: October 18, 2019**

Honorable John K. Sherwood
United States Bankruptcy Court

|  |  |
|---|---|
| Page 2 of 3 | |
| In re: | Ki Hyung Kim a/k/a Kevin Kim and Hye Sook Ha a/k/a Jane Kim |
| Case No.: | 19-24863 (JKS) |
| Caption of Case: | **CONSENT ORDER ESTABLISHING THE VALIDITY OF NEW MILLENNIUM BANK'S FIRST MORTGAGE UPON THE ALPINE HOME AND GRANTING RELIEF FROM THE AUTOMATIC STAY FOR PURPOSES OF PROCEEDING WITH A FORECLOSURE ACTION** |

THIS MATTER having come before the Court upon the submission of a Consent Order entered into between New Millennium Bank (the "Bank"), the holder of a first mortgage upon the residence of Ki Hyung Kim a/k/a Kevin Kim and Hye Sook Ha a/k/a Jane Kim, the "Debtors" in the above captioned matter (collectively, the "Debtors"), it appearing that the Debtors jointly own the home located at 41 Brenner Place, Alpine, New Jersey 07620 (the "Home"), it appearing that pursuant to a mortgage agreement, dated March 28, 2017, the Bank extended a loan to the Debtors in the principal amount of $2,125,000, it appearing that the mortgage was filed with the Clerk, Bergen County, on March 30, 2017, it appearing that the Bank asserts an indebtedness in the amount of $2,068,232.75 as of September 12, 2019, it appearing that the parties have agreed to the relief provided for herein, and for good cause shown,

IT IS HEREBY

ORDERED, the Bank's mortgage is hereby determined to be a valid, enforceable and duly recorded first mortgage upon the Home, and it is further

ORDERED, it is hereby determined that the asserted balance due upon the Bank's mortgage is $2,068,232.75, as of September 12, 2019, plus accruing interest, late fees, counsel fees and costs, without prejudice to any defenses, counterclaims or setoffs, and it is further

Page 3 of 3

In re: Ki Hyung Kim a/k/a Kevin Kim and Hye Sook Ha a/k/a Jane Kim

Case No.: 19-24863 (JKS)

Caption of Case: **CONSENT ORDER ESTABLISHING THE VALIDITY OF NEW MILLENNIUM BANK'S FIRST MORTGAGE UPON THE ALPINE HOME AND GRANTING RELIEF FROM THE AUTOMATIC STAY FOR PURPOSES OF PROCEEDING WITH A FORECLOSURE ACTION**

ORDERED, the Bank is hereby granted partial relief from the automatic stay for purposes of instituting and prosecuting a foreclosure action upon the Home, up to the point of a foreclosure sale, but will not conduct such a sale absent further order of the Court.

The undersigned hereby consent to the form
and entry of the foregoing order

**McManimon, Scotland & Baumann, LLC**
Attorneys for Ki Hyung Kim a/k/a
Kevin Kim and Hye Sook Ha
a/k/a Jane Kim

Richard D. Trenk, Esq.

Dated: October 17, 2019

**Cullen and Dykman LLP**
Attorneys for New Millennium Bank

David Edelberg, Esq.

Dated: October 17, 2019

F:\EDELBERG\New Millennium Bank\Kim Supermarket\Pleading\Consent Order.09.27.19.doc

3